UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS F. TRAUTH, JR.                    CIVIL ACTION

VERSUS                                   NO: 14-1680

AVONDALE SHIPYARD, INC.                  SECTION: "A" (3)

### ORDER AND REASONS

Before the Court are **Motions to Dismiss (Rec. Docs. 17 & 18)** filed by defendants AT&T Corp. and BellSouth Telecommunications, LLC. Plaintiff Louis R. Trauth, Jr. *pro se* has filed an opposition. The motions, scheduled for submission on May 6, 2015, are before the Court on the briefs without oral argument.[1]

*Pro se* plaintiff Louis F. Trauth, Jr. has filed a Complaint for Damages (Rec. Doc. 3) against Avondale Shipyard, Inc., AT&T Corp., and BellSouth Telecommunications, LLC alleging that he was exposed to asbestos while employed at Avondale and BellSouth. Trauth alleges that he was employed with Avondale from 1965-1969, and with BellSouth from 1969-1988. (Comp. ¶¶ 1, 8, 9). On June 6, 2014, Trauth was diagnosed with asbestosis. (*Id.* ¶ 21). Trauth seeks recovery for physical injuries as well as mental anguish. (*Id.* ¶ 30).

BellSouth and AT&T now move to dismiss the claims against them contending that Trauth has failed to state a claim for relief. BellSouth argues that Trauth's claims are barred by Louisiana's Worker's Compensation Law. AT&T argues that Trauth has sued it as the parent corporation of BellSouth (Rec. Doc. 8), and that AT&T cannot be held liable in that capacity.

---

[1] The motions were originally noticed for submission on April 8, 2015. The Court granted Trauth's request for additional time to oppose the motions because in addition to being unrepresented, Trauth is incarcerated out of state.

1

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The claims against BellSouth and AT&T are governed by state law. Asbestosis has been an occupational disease covered by Louisiana's Worker's Compensation scheme since 1952. *Rando v. Anco Insuls., Inc.*, 16 So. 3d 1065 (La. 2009); *Alexander v. Thiokol Corp.*, 887 So. 2d 685 (La. App. 3d Cir. 2004). Worker's compensation benefits are the exclusive remedy of an employee against his employer for an injury or disease arising out of and in the course of employment, except for those injuries resulting from intentional acts. *Austin v.*

*Abney Mills, Inc.*, 824 So. 2d 1137, 1141 (La. 2002) (citing La. R.S. § 23:1032). Trauth alleges no pre-1952 exposure to asbestos, and he alleges no facts to suggest that his injuries arise out of intentional acts. Thus, he fails to state a claim against BellSouth and AT&T for damages related to his asbestosis diagnosis.[2]

In his opposition Trauth states that his claims should not be barred by worker's compensation because his case involves intentional torts and gross negligence. (Rec. Doc. 26 ¶ 13). This statement is a legal conclusion wholly unsupported by any facts. Regardless of how broadly the Court construes Trauth's *pro se* pleadings, under the principles espoused in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007), Trauth's complaint must be dismissed as to the movants.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motions to Dismiss (Rec. Docs. 17 & 18)** filed by defendants AT&T Corp. and BellSouth Telecommunications, LLC. are **GRANTED.** The Complaint is dismissed as to these defendants.

May 7, 2015

*[signature]*

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] In his opposition, Trauth attempted to circumvent AT&T's argument regarding the parent/subsidiary distinction by stating that he was actually employed by AT&T. (Rec. Doc. 26 ¶¶ 15, 16). This contention triggers the worker's compensation bar to employer tort liability.