UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS F. TRAUTH, JR. | CIVIL ACTION |
| VERSUS | NO: 14-1680 |
| AVONDALE SHIPYARD, INC. | SECTION: "A" (3) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 51)** filed by defendant Huntington Ingalls Inc. (Avondale). Plaintiff Louis R. Trauth, Jr. *pro se* has filed an opposition. The motion, scheduled for submission on October 19, 2016, is before the Court on the briefs without oral argument.[1]

*Pro se* plaintiff Louis F. Trauth, Jr. has filed a Complaint for Damages (Rec. Doc. 3) against Avondale alleging that he was exposed to asbestos while employed at its shipbuilding facility.[2] Trauth alleges that he was employed with Avondale from 1965-1969. (Comp. ¶¶ 1, 8, 9). On June 6, 2014, Trauth was diagnosed with asbestosis. (*Id.* ¶ 21). Trauth seeks recovery for physical injuries as well as mental anguish. (*Id.* ¶ 30).

Avondale now moves to dismiss the claims against it contending that Trauth has failed to state a claim for relief. Avondale argues that Trauth's claims are barred by

---

[1] The motion was originally noticed for submission on September 21, 2016. The Court granted Trauth's request for additional time to oppose the motion because in addition to being unrepresented, Trauth is incarcerated out of state.

[2] AT&T Corp. and BellSouth Telecommunications, LLC have already been dismissed from the case. (Rec. Doc. 30).

1

Louisiana's Worker's Compensation Law.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The claims against Avondale are governed by state law. Asbestosis has been an

occupational disease covered by Louisiana's Worker's Compensation scheme since 1952. *Rando v. Anco Insuls., Inc.*, 16 So. 3d 1065 (La. 2009); *Alexander v. Thiokol Corp.*, 887 So. 2d 685 (La. App. 3d Cir. 2004). Worker's compensation benefits are the exclusive remedy of an employee against his employer for an injury or disease arising out of and in the course of employment, except for those injuries resulting from intentional acts. *Austin v. Abney Mills, Inc.*, 824 So. 2d 1137, 1141 (La. 2002) (citing La. R.S. § 23:1032). Trauth alleges no pre-1952 exposure to asbestos, and he alleges no facts to suggest that his injuries arise out of intentional acts. Thus, he fails to state a claim against Avondale for damages related to his asbestosis diagnosis.

In his opposition Trauth states that his claims should not be barred by state worker's compensation because some of the vessels that he worked aboard were under contract for the United States Navy. Trauth seems to suggest that in light of this federal nexus, state workers compensation law should be cast aside so that he can pursue a Jones Act claim.

This argument lacks merit. Giving Trauth's Complaint the most liberal of readings, no facts are alleged to support seaman status. As Avondale notes in its opposition, if the Louisiana Worker's Compensation Act (LWCA) did not apply in this case, then the Longshore Harbor Worker's Compensation Act (LHWCA) would apply, and a tort suit against Avondale would likewise be barred.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Extension of Time (Rec. Doc. 53)** filed by Plaintiff is **GRANTED;**

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 51)** filed by defendant Huntington Ingalls Inc. (Avondale) is **GRANTED.** The Complaint is dismissed as to this defendant.

October 24, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE